# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **IMELDA ESTRADA**, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 13 C 3361 |
| **J. C. PENNEY CORPORATION, INC.**, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

J. C. Penney Corporation, Inc. ("J. C. Penney"), which had failed to comply with this District Court's LR 5.2(f) in the course of removing this personal injury action from the Circuit Court of Cook County to this District Court, has now cured that deficiency and tendered a $100 check payable to the Clerk of the Court, thus complying with this Court' s May 13 memorandum order. But problems with J. C. Penney's Answer and Affirmative Defenses to the Complaint brought against it by Imelda Estrada ("Estrada") have prompted this sua sponte memorandum order.

Some lawyers regrettably seem to regard pleading as a type of nitpicking game, rather than as serving the goal of notice pleading -- that is, identifying just what is and what is not at issue in the litigation -- that should be incumbent on counsel on both sides of a lawsuit. This Court's review of J. C. Penney's responsive pleading unfortunately leaves it with the sense that the author fits within that troubling group.[1]

---

[1] This Court should not be misunderstood as disapproving meticulousness in the practice of law. It is rather that a pleader should be informed by common sense as well as by a desire for precision. Because it is not this Court's role to draft pleadings, what follows in the text is not

For example, it is frankly unclear just what allegations in Complaint ¶¶ 1 and 2 are said to be denied in the corresponding answering paragraphs. Is there any reason that a simple admission is not called for by Fed. R. Civ. P. ("Rule") 8(b)(1)(B) and 8(b)(4)?

Next, just what is intended to be denied as to Complaint ¶¶ 3 through 5? Is there any real question as to the general public's access to J. C. Penney's stores or as to the permitted presence there of plaintiff Estrada as a store customer?

As for Answer ¶ 7, that would appear to be a likely candidate for Rule 8(b)(4) particularized treatment, rather than the present blanket denial. For instance, although J. C. Penney is certainly within its rights in disclaiming negligence on its part, is it really challenging the allegation that Estrada was injured when she was lawfully in the store?

By the same token, Answer ¶ 12's total denial of J. C. Penney's duties as alleged in Complaint ¶ 12 is of course dead wrong. If and to the extent that J. C. Penney's counsel believes the allegations to be overstated or otherwise inaccurate, that should be made specific -- not by stating a blunderbuss "Who, me?"

As for J. C. Penney's Affirmative Defenses ("ADs"), its counsel has not been mindful of the fundamental principle embodied in Rule 8(c) and the caselaw applying it (see also App'x ¶ 5 to State Farm Mutual Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001) that the responsive pleader must -- for that purpose -- treat a complaint's well-pleaded allegations as gospel. Thus:

---

intended to be exhaustive -- instead it is only representative of the approach that J. C. Penney's counsel ought to take throughout the do-over that is later ordered here.

1. AD 1 is at odds with Complaint ¶ 6 (even apart from the boilerplate assertions in AD 1 ¶ 2, which advance contentions that J. C. Penney cannot know to be accurate at this time). Accordingly AD 1 is stricken without prejudice.

2. AD 2 -- particularly its paragraph 3 -- suffers from the same flaw, and it is wholly speculative as well. That AD is also stricken without prejudice.

3. AD 3 cannot possibly be known by J. C. Penney at this point. It too is stricken, though further factual development may perhaps justify its revival.

4. AD 4's omnibus adoption of the Rule 8(c) laundry list is inexcusable -- indeed, it is really a plain invitation to the imposition of sanctions under Rule 11(b). Although this Court will not accept that invitation, for it views the potential invocation of Rule 11(b) as reserved for more serious substantive violations by lawyers, J. C. Penney's counsel clearly ought to think twice before engaging in such impermissible pleading.

In sum, J. C. Penney's Answer and ADs are stricken in their entirety, but with leave of course granted for the filing of an appropriate self-contained responsive pleading on or before May 31, 2013. No charge is to be made to J. C. Penney by its counsel for the added work and expense incurred in correcting counsel's errors. Counsel is ordered (1) to send a copy of this

order to the client and (2) to transmit a copy of counsel's forwarding letter to this Court (solely for information, not for filing).

                                                                                    _____
                                                                                    Milton I. Shadur
                                                                                    Senior United States District Judge

Date: May 20, 2013